**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDRE COOPER, *et. al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:23-cv-00471-CFC |
| ) | |
| CITY OF WILMINGTON, DELAWARE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**JOINT MOTION FOR SETTLEMENT APPROVAL**

| **MARKOWITZ & RICHMAN** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| */s/ Claiborne S. Newlin* | */s/ Michael P. Stafford* |
| Claiborne S. Newlin, Esq. (No. 4745) | Michael P. Stafford, Esquire (No. 4461) |
| 1225 King Street, Suite 804 | Elise K. Wolpert, Esq. (No. 6343) |
| Wilmington, DE 19801 | 1000 North King Street |
| Telephone: (302) 656-2308 | Wilmington, Delaware 19801 |
| Facsimile: (215) 790-0668 | Phone: (302) 571-6553; 571-6623 |
| Email: cnewlin@markowitzandrichman.com | Fax: (302) 576-3470 |
| | Email: mstafford@ycst.com; ewolpert@ycst.com |
| | *Attorneys for Defendant* |
| OF COUNSEL: | |
| Lauren P. McDermott | |
| Mooney, Green, Saindon, Murphy & Welch, P.C. | |
| 1920 L Street NW, Ste 400 | |
| Washington, DC 20036 | |
| Telephone: (202) 783-0010 | |
| Email: lmcdermott@mooneygreen.com | |
| | |
| *Attorneys for Plaintiffs* | |
| | |
| Dated: April 1, 2024 | |

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I. INTRODUCTION ................................................................................................ 1

II. CLAIMS ASSERTED AND PROCEDURAL HISTORY ......................................... 1

III. TERMS OF THE PROPOSED SETTLEMENT ...................................................... 2

IV. APPLICABLE FACTORS FOR APPROVING FLSA SETTLEMENTS .................. 3

V. APPLICATION OF THE FLSA FACTORS TO THE PROPOSED SETTLEMENT AGREEMENT ...................................................................................................... 4

    A. The Settlement Resolves a Bona Fide Dispute ......................................................... 4
    B. The Settlement Terms are Fair and Reasonable and Do Not Frustrate the Purposes of the FLSA ............................................................................................. 5
    C. The Attorneys' Fees Requested Are Reasonable .................................................... 8

VI. CONCLUSION .................................................................................................... 11

**TABLE OF AUTHORITIES**

**CASES**

Page

*Altnor v. Preferred Freezer Servs.*,
   197 F. Supp. 3d 746 (E.D. Pa. 2016) .................................................................................. 6

*Balgowan v. New Jersey,*
   115 F.3d 214 (3d Cir. 1997) ................................................................................................ 6

*Bellan v. Cap. Blue Cross,*
   2022 U.S. Dist. LEXIS 43025 (M.D. Pa. Mar. 10, 2022) ................................................... 9

*Bettger v. Crossmark, Inc.,*
   2015 U.S. Dist. LEXIS 7213 (M.D. Pa. Jan. 22, 2015) ..................................................... 4

*Brumley v. Camin Cargo Control, Inc.,*
   2012 U.S. Dist. LEXIS 20599 (D.N.J. Mar. 26, 2012) ....................................................... 8

*Carpenter v. Allpoints Courier Serv.,*
   2018 U.S. Dist. LEXIs 155000 (D.N.J. 2018) .................................................................... 7

*Clarke v. Flik Int's Corp.,*
   2020 U.S. Dist. LEXIS 26306, (D.N.J. Feb. 14, 2020) ...................................................... 4

*Gunter v. Ridgewood Energy Corp.,*
   223 F.3d 190 (3d Cir. 2000) ................................................................................................ 8

*Horton v. Right Turn Supply, LLC,*
   455 F. Supp. 3d 202 (W.D. Pa. 2020) ................................................................................. 4

*Howard v. Phila. Hous. Auth.,*
   197 F. Supp. 3d 773 (E.D. Pa. 2016) ........................................................................ 4, 7, 10

*In re AT & T Corp.,*
   455 F.3d 160 (3d Cir. 2006) ................................................................................................ 8

*Keller v. TD Bank, N.A.,*
   2014 U.S. Dist. LEXIS 155889 (E.D. Pa. Nov. 4, 2014) .................................... 5, 8, 9, 10

*Kraus v. PA Fit II, LLC,*
   155 F. Supp. 3d 516 (E.D. Pa. 2016) ............................................................................. 5, 6

*Lynn's Food Stores, Inc. v. U.S.*,
  679 F.2d 1350 (11th Cir. 1982) ............................................................................... 4, 5

*Mabry v. Hildebrandt*,
  2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) ........................................... 8, 9

*Morales v. Unique Beginning Caterers Ltd. Liab. Co.*,
  2021 U.S. Dist. LEXIS 236744 (D.N.J. Dec. 10, 2021) ................................................. 9

*O'Mara v. Creative Waste Sols., LLC*,
  2020 U.S. Dist. LEXIS 86496 (E.D. Pa. May 14, 2020) ................................................ 9

*Rabnenou v. Dayan Foods, Ltd.*,
  2017 U.S. Dist. LEXIS 122055 (D.N.J. Aug. 3, 2017) .................................................. 6

*Rouse v. Comcast Corp.*,
  2015 U.S. Dist. LEXIS 49347 (E.D. Pa. Apr. 14, 2015) .............................................. 11

*Singleton v. First Student Mgmt. LLC*,
  2014 U.S. Dist. LEXIS 108427 (D.N.J. Aug. 6, 2014) ........................................... 4, 7, 8

*Solkoff v. Pa. State Univ.*,
  435 F. Supp. 3d 646 (E.D. Pa. 2020) ................................................................... 4, 6, 7

*Sullivan v. DB Investments, Inc.*,
  667 F.3d 273 (3d Cir. 2011) ........................................................................................ 8

*Wehr v. Burroughs Corp.*,
  619 F.3d 276 (3d Cir. 1980) ...................................................................................... 11

**STATUTES AND REGULATIONS**

28 U.S.C. § 1961 .................................................................................................................. 3

29 U.S.C. §§ 201 *et seq.* ............................................................................................. *passim*

I. **INTRODUCTION**

Plaintiffs, Andre Cooper, *et al.*, and Defendant, City of Wilmington, Delaware ("Defendant" or "City"), by and through counsel, hereby jointly move this Court to enter an Order approving their Settlement Agreement and dismissing the above-captioned litigation with prejudice. As set forth below, the Parties have reached a Settlement Agreement that will resolve all claims in the instant lawsuit, which alleges that the City failed to pay overtime to Plaintiffs during time periods when they were employed by the City in the position of Battalion Chief in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Because the proposed Settlement Agreement satisfies the criteria for approval of an FLSA settlement in the Third Circuit, the Parties jointly request the Court enter an order: (1) approving the Settlement Agreement, which is incorporated herein by reference, as fair, reasonable, and just in all respects as to the Plaintiffs, and ordering the Parties to perform the Settlement Agreement in accordance with its terms; (2) reserving jurisdiction with respect to this Action for the purpose of enforcing the Settlement Agreement; and (3) dismissing Plaintiffs' claims with prejudice upon final Court approval of the Settlement Agreement.

The Settlement Agreement is attached hereto as **Exhibit 1** and the declaration of Plaintiffs' Counsel, Lauren P. McDermott, is attached hereto as **Exhibit 2**.

II. **CLAIMS ASSERTED AND PROCEDURAL HISTORY**

Plaintiffs are or were formerly employed by the Defendant, the City of Wilmington, in the Wilmington Fire Department in the position of Battalion Chief. Plaintiffs filed their Complaint on April 28, 2023. *See* Dkt 1. In their Complaint, Plaintiffs alleged that the City failed to properly compensate them with overtime pay at one and one-half times their regular rate of pay for all hours worked in excess of the applicable overtime threshold—212 hours for a 28-day work period—under the Fair Labor Standards Act (FLSA). *See* Dkt. 1. After the Complaint was filed, the City reached

1

out to Plaintiffs' counsel regarding the lawsuit. The City denied that it violated the FLSA and asserted numerous defenses including, without limitation, that Plaintiffs are properly classified as exempt from the overtime requirements of the FLSA and a good faith defense to liquidated damages. The City also maintains that it has at all times acted in good faith, in conformity with and in reliance upon applicable law in its exemption classification decisions and payment of wages to Plaintiffs.

Nevertheless, the Parties agreed to exchange relevant documents and discuss whether the matter could be settled. Most significantly, Defendant produced Plaintiffs' timekeeping and payroll data to Plaintiffs, and, after a thorough analysis, Plaintiffs shared their damages calculations with Defendant. Defendant similarly shared its calculation of potential damages. Thereafter, the Parties exchanged offers and counteroffers and participated in multiple conferences to discuss the Parties' proposals and damages calculations. Ex. 2, ¶ 11. During these negotiations, the parties jointly submitted motions to the Court to extend the deadline for Defendant to file its Answer. On March 11, 2024, the Parties reached an agreement in principle to resolve the case.

Following the Parties' agreement to a settlement in principle, Plaintiffs' Counsel sent each Plaintiff correspondence informing them of the terms of the settlement and providing information about each individual Plaintiff's damages award. Ex. 2, ¶ 16. The correspondence also provided Plaintiffs with information about how to ask questions about the settlement as well as how to submit any objections to the settlement. *Id.* No Plaintiff contacted Plaintiffs' Counsel to object to the settlement or its terms. *Id.*

### III. TERMS OF THE PROPOSED SETTLEMENT

Counsel for the Parties have reduced the terms of the proposed Settlement to writing (the "Settlement Agreement"), attached as Exhibit 1. Under the Settlement Agreement, the City will

pay a total of $459,695.36 to resolve the Plaintiffs' FLSA claims. Ex. 1, ¶ 2.1. Specifically, this amount reflects $215,015.93 in backpay, $215,015.93 in liquidated damages, and $29,663.50 in reimbursed attorneys' fees and expenses. *Id.* ¶ 2.2. The backpay and liquidated damages amounts will be distributed to Plaintiffs in accordance with Exhibit A to the Settlement Agreement. *Id.* The amounts to be distributed to each Plaintiff were determined by Plaintiffs and their counsel, based on the payroll and timekeeping data provided by Defendants for each individual Plaintiff. *Id.* ¶ 2.6. The City will apply all applicable deductions and withholdings to the backpay amount set forth in Exhibit A for each individual Plaintiff. *Id.* ¶ 2.2(1). In addition, the City agreed to convert the FLSA classification status of Battalion Chiefs to non-exempt, with all of the rights and benefits that accrue as a result of that classification, effective July 25, 2023. *Id.* ¶ 2.1.

In consideration of Defendant's payment of the Settlement Amount and agreement to re-classify Plaintiffs as non-exempt, Plaintiffs have agreed to a limited release, covering only the Fair Labor Standards Act claims set forth in the action relating to overtime pay for time worked in the Battalion Chief position through July 25, 2023. *Id.* ¶ 3.1. The Plaintiffs also agreed to dismiss all claims asserted in the lawsuit with prejudice upon the Parties' execution of the Settlement Agreement and the Court's Order approving the Settlement Agreement. *Id.* ¶ 4.1.

If the Court enters an Order approving the Settlement Agreement, the City will issue payment of the Settlement Amount within 45 calendar days of the Court's approval of the Settlement Agreement, with interest to accrue on any unpaid Settlement Amount after the agreed 45-day period at the rate set forth in 28 U.S.C. § 1961. *Id.* ¶ 2.3.

### IV.   APPLICABLE FACTORS FOR APPROVING FLSA SETTLEMENTS

Although the Third Circuit has not explicitly opined on whether judicial approval is required of FLSA settlements reached, district courts nevertheless "abide by the principle that

settlement of collective action FLSA claims under 29 U.S.C. § 216(b) requires court approval." *Clarke v. Flik Int's Corp.,* 2020 U.S. Dist. LEXIS 26306, *1-2 (D.N.J. Feb. 14, 2020). *See also Horton v. Right Turn Supply, LLC,* 455 F. Supp. 3d 202, 204 (W.D. Pa. 2020). Thus, a settlement in an FLSA lawsuit is not effective unless it is approved by either a district court or the United States Department of Labor. 29 U.S.C. § 216(b); *Howard v. Phila. Hous. Auth.,* 197 F. Supp. 3d 773, 776 (E.D. Pa. 2016).

When reviewing FLSA settlements, district courts within the Third Circuit have adopted the guidance set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), meaning that a court will approve a settlement agreement after determining: (1) that the settlement resolves a bona fide dispute, and (2) that the settlement is a fair and reasonable resolution of the FLSA claims. *Clarke,* 2020 U.S. Dist. LEXIS 26306 at *4-5; *Bettger v. Crossmark, Inc.,* 2015 U.S. Dist. LEXIS 7213, *9 (M.D. Pa. Jan. 22, 2015). In addition, a court will approve a settlement if it "furthers the FLSA's implementation in the workplace." *Solkoff v. Pa. State Univ.,* 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020). The court must also analyze the reasonableness of attorneys' fees requested under 29 U.S.C. § 216(b). *Singleton v. First Student Mgmt. LLC,* 2014 U.S. Dist. LEXIS 108427, *21-22 (D.N.J. Aug. 6, 2014).

Based on an analysis of these factors, as discussed below, the settlement is fair and reasonable, and the Parties jointly request that it be approved.

V. **APPLICATION OF THE FLSA FACTORS TO THE PROPOSED SETTLEMENT AGREEMENT**

   A. **The Settlement Resolves a Bona Fide Dispute**

A proposed settlement agreement resolves a bona fide dispute where the terms of the settlement "reflect a reasonable compromise over issues, such as...back wages, that are actually in dispute" and are not a "mere waiver of statutory rights brought about by an employer's

4

overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. *See also Kraus v. PA Fit II, LLC,* 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016) (citing *Lynn's Food Stores*). "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus,* 155 F. Supp. 3d at 531.

Here, the Parties' Settlement Agreement resolves a bona fide dispute because the Parties disagree as to the City's liability under the FLSA, and the appropriateness of the City's classification of Battalion Chiefs as exempt from the overtime requirements of the FLSA. During the course of settlement negotiations, the City made clear its position that it does not agree with Plaintiffs' assertion that it violated the FLSA by classifying Plaintiffs as exempt and refusing to pay them overtime at a time and one-half rate for all hours worked in excess of the applicable FLSA threshold, or 212-hours in a 28-day work period. As explained herein, because the settlement represents a "reasonable compromise" of this issue, the Settlement Agreement should be approved.

### B. The Settlement Terms are Fair and Reasonable and Do Not Frustrate the Purposes of the FLSA

The Parties' Settlement Agreement—which provides almost full monetary relief, contains no confidentiality clause, and includes only a limited release of FLSA claims—reflects a fair and reasonable resolution of the Plaintiffs' claims in the case and does not frustrate the purposes of the FLSA, so should be approved. *See, e.g., Keller v. TD Bank, N.A.,* 2014 U.S. Dist. LEXIS 155889, *27 (E.D. Pa. Nov. 4, 2014) (Restrepo, J.) (approving FLSA settlement as fair and reasonable "where the Plaintiffs brought suit in federal court over allegedly uncompensated time and the settlement is designed to provide due compensation").

First, the negotiated settlement amount demonstrates the fairness of the Parties' agreement. As one court has explained, "[t]he fairness of the settlement primarily depends on the amount of the settlement compared to the amount the plaintiff claims in FLSA damages." *Solkoff,* 435 F. Supp. 3d at 654-55; *See also Kraus,* 155 F. Supp. 3d at 532 ("The Court finds the compensation terms fair and reasonable because the settlement amount is significant in light of Plaintiff's claim."). Here, after the agreed-upon contingency fee is taken, the settlement amount represents 100% of the backpay that Plaintiffs would be owed at trial over the full, three-year statute of limitations, plus liquidated damages equal to 64% of the backpay. Ex. 2, ¶ 20. In addition, the City has agreed to re-classify Battalion Chiefs as non-exempt effective July 25, 2023, which neither a jury nor the Court would have authority to award as a part of the litigation. *Id.* ¶ 21. *See also, e.g., Balgowan v. New Jersey,* 115 F.3d 214, 218 (3d Cir. 1997) (there is no private right of action for injunctive relief under the FLSA). Thus, the settlement amount awards Plaintiffs almost full monetary relief plus future relief not available from the Court, while simultaneously avoiding additional expenditure of resources by both parties and the Court that would be required to continue litigating the case—namely those costs related to discovery, dispositive motions, and trial. *See, e.g., Rabnenou v. Dayan Foods, Ltd.,* 2017 U.S. Dist. LEXIS 122055, *3 (D.N.J. Aug. 3, 2017) (finding settlement in FLSA exemption case fair and reasonable where plaintiff will receive an amount higher than his calculated unpaid overtime pay).

Second, there is no confidentiality clause in the agreement. While courts have routinely held that "confidentiality clauses in FLSA settlement agreements frustrate the purpose of the FLSA by facilitating information asymmetry that hinders FLSA enforcement," there is no such obstacle to settlement approval here. *Solkoff,* 435 F. Supp. 3d at 658; *See also Altnor v. Preferred Freezer Servs.,* 197 F. Supp. 3d 746, 764 (E.D. Pa. 2016) ("The proposed Settlement Agreement here does

not contain a confidentiality clause, thereby avoiding a common basis for rejecting a proposed FLSA collective settlement.").

Third, the Parties have agreed to a limited release which only includes the FLSA claims alleged in this lawsuit "relating to overtime pay for time worked in the Battalion Chief position through July 25, 2023." Ex. 1, ¶ 3.1. Courts in the Third Circuit have routinely found broad releases to frustrate the purposes of the FLSA "by allowing employers to use their superior bargaining power to disadvantage FLSA claimants[;]" here, the Plaintiffs will release *only* the FLSA claims asserted in the lawsuit up until the date of their reclassification to a non-exempt status. *Solkoff,* 435 F. Supp. 3d at 659-60. *See also Howard*, 197 F. Supp. 3d at 780 ("The release of an unknown claim based on a separate statutory cause of action frustrates the fairness of the benefit otherwise provided under the proposed Settlement Agreement."). As such, the agreed-upon release of claims is consistent with the purpose of the FLSA because it does not provide the City with any benefit beyond fair resolution of the claims at issue in the case. *See, e.g., Singleton,* 2014 U.S. Dist. LEXIS 108427 at *24 (approving release limited to claims related to the specific litigation and not incorporating any state or FLSA wage and hour claims that a plaintiff alleges subsequent to the settlement approval).

Thus, the settlement agreement should be approved as it provides plaintiffs with significant monetary and non-monetary relief and "furthers the purposes of the FLSA, containing a limited release and no confidentiality agreement while fostering the public interest in vindicating wage and hour rights of workers." *Carpenter v. Allpoints Courier Serv.,* 2018 U.S. Dist. LEXIs 155000, *2 (D.N.J. 2018).

### C. The Attorneys' Fees Requested Are Reasonable

Under the FLSA, a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, an award of attorneys' fees and costs to prevailing plaintiffs is mandatory. "[J]udicial approval of attorneys' fees is necessary to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Singleton,* 2014 U.S. Dist. LEXIS 108427, at *26-27 (quoting *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 20599, *29 (D.N.J. Mar. 26, 2012)).

The percentage-of-the-recovery method, which allows a district court judge to award attorneys' fees as a percentage of the total settlement recovered, is the prevailing method used in the Third Circuit to determine the reasonableness of an attorneys' fee request. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011); *Mabry v. Hildebrandt,* 2015 U.S. Dist. LEXIS 112137, *9 (E.D. Pa. Aug. 24, 2015) (citing *Keller*). Factors to be considered in reviewing an attorneys' fee award under this method include: "(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases." *Keller,* 2014 U.S. Dist. LEXIS 155889 at *38 (quoting *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 n.1 (3d Cir. 2000)). The factors "need not be applied in a formulaic way" and "in certain cases, one factor may outweigh the rest." *In re AT & T Corp.,* 455 F.3d 160, 166 (3d Cir. 2006). An analysis of the factors in this case weighs in favor of approving the requested attorneys' fees.

8

Here, each of the Plaintiffs entered into a private fee agreement to pay a 25% contingency fee. Ex. 2, ¶ 5. Thus, the total amount of attorneys' fees that will be awarded to Plaintiffs' Counsel is $107,507.97. Significantly, the Settlement Agreement provides that—separate and apart from payments to Plaintiffs—Defendant will, pursuant to Section 216(b) of the FLSA, pay $29,663.50 in attorneys' fees and expenses. Ex. 1, ¶ 2.1(2). Ex. 2, ¶ 6. As such, the amount actually paid by Plaintiffs as a contingency fee is less than the amount they agreed to at the outset of the case, equal to approximately 18 percent. *Id.* ¶ 5. There have been no objections to the proposed amount of attorneys' fees and costs. *Id.* ¶ 16.

Courts in the Third Circuit routinely approve percentage-of-the-recovery awards in FLSA cases ranging from 20-45% of the settlement amount. *Mabry,* 2015 U.S. Dist. LEXIS 112137 at *9 (collecting cases); *Keller,* 2014 U.S. Dist. LEXIS 155889 at *39 (in approving an FLSA settlement, noting that "In the Third Circuit, courts have approved as reasonable attorneys' fees awards ranging from approximately 19% to 45% of the common fund."). The attorneys' fees requested by Plaintiffs' Counsel in this case equal to 25% of the total settlement falls within the lower end of the general range of attorneys' fee awards that the Third Circuit has found to be reasonable. *See, e.g., O'Mara v. Creative Waste Sols., LLC,* 2020 U.S. Dist. LEXIS 86496, *14 (E.D. Pa. May 14, 2020) (approving fee request in FLSA settlement where percentage of the recovery proposed—a recovery of 28.6%—"falls at the lower end of this generally accepted range."). *See also Bellan v. Cap. Blue Cross,* 2022 U.S. Dist. LEXIS 43025, *22 (M.D. Pa. Mar. 10, 2022) (finding requested fee of one-third of the total settlement to be reasonable, noting that the fee request "is in keeping with awards in other FLSA collective actions within the Third Circuit"); *Morales v. Unique Beginning Caterers Ltd. Liab. Co.,* 2021 U.S. Dist. LEXIS 236744, *8 (D.N.J. Dec. 10, 2021) ("courts of this Circuit routinely approve attorneys' fees of around 30

percent of settlement funds in FLSA cases"); *Howard,* 197 F. Supp. 3d at 782 (approving a 32.4% fee award in private FLSA action as fair and reasonable). In addition, as noted above, Plaintiffs will actually pay less than the 25% contingent fee they initially agreed to given Defendant's agreement to separately pay $29,663.50 in attorneys' fees and expenses. Ex. 2, ¶¶ 25-26. All of the Plaintiffs were informed, in writing, of the settlement terms including the amount of the requested attorneys' fees, and none of the Plaintiffs have objected. *Id.*, ¶ 16.

Further, as described in the attached Declaration of Lauren P. McDermott, Plaintiffs were represented by counsel with considerable litigation experience. See Ex. 2, ¶¶ 1-4. Indeed, lead Plaintiffs' Counsel Lauren P. McDermott has successfully litigated cases in federal court for approximately 13 years and is currently litigating multiple actions similar to the instant case challenging fire fighters' misclassification as exempt from the overtime requirements of the FLSA across the country. *Id*. Plaintiffs' Counsel also represented Plaintiffs competently, diligently, and efficiently through the entire litigation. Notably, Plaintiffs' Counsel worked collaboratively with counsel for Defendant to reach an early resolution of the case, conducting a targeted exchange of payroll and timekeeping data to permit educated settlement negotiations and to avoid unnecessary litigation expense. *Id.* ¶ 13. Additionally, Plaintiffs' Counsel took this case on a contingent basis and have not yet been paid for their work in representing Plaintiffs, undertaking significant risk of non-payment. *Keller,* 2014 U.S. Dist. LEXIS 155889 at *41-42 (risk that Plaintiffs' claims would fail in a case taken on contingent basis weighs in favor of awarding requested fees). For these reasons, the requested attorneys' fees are reasonable and should be approved.

In this litigation, Plaintiffs' Counsel has incurred over $452.00 in out-of-pocket expenses. Ex. 2, ¶ 7. Plaintiffs are entitled to reimbursement of litigation expenses from the settlement fund. *See* 29 U.S.C § 216(b). Plaintiffs' Counsel's expenses, including filing fees, fees associated with

service of process, and electronic research fees, were reasonable and necessary to counsel's representation of Plaintiffs. *See, e.g., Rouse v. Comcast Corp.,* 2015 U.S. Dist. LEXIS 49347, *35 (E.D. Pa. Apr. 14, 2015) (awarding costs and expenses to cover, among other things, filing and service fees and photocopying costs); *See also Wehr v. Burroughs Corp.,* 619 F.3d 276, 285 (3d Cir. 1980) (awarding costs for computer-aided legal research, noting that " Use of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice.").

Accordingly, attorneys' fees and expenses in the amount of $107,507.97, equal to 25% of the settlement amount, is reasonable and should be approved by this Court.

## VI. CONCLUSION

For all of the above reasons, the Parties believe this proposed settlement will successfully provide appropriate overtime compensation for Plaintiffs and adequately resolve their claims as asserted in the above-captioned case. Accordingly, the Parties respectfully submit that the proposed settlement is fair and reasonable and should be approved by the Court.

Respectfully submitted,

| **MARKOWITZ & RICHMAN** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| */s/ Claiborne S. Newlin* | */s/ Michael P. Stafford* |
| Claiborne S. Newlin, Esq. (No. 4745)<br>1225 King Street, Suite 804<br>Wilmington, DE 19801<br>Telephone:  (302) 656-2308<br>Facsimile:  (215) 790-0668<br>Email: cnewlin@markowitzandrichman.com | Michael P. Stafford, Esquire (No. 4461)<br>Elise K. Wolpert, Esq. (No. 6343)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Phone:  (302) 571-6553; 571-6623<br>Fax:  (302) 576-3470<br>Email:  mstafford@ycst.com; ewolpert@ycst.com |
| OF COUNSEL:<br>Lauren P. McDermott<br>Mooney, Green, Saindon, Murphy & Welch, P.C.<br>1920 L Street NW, Ste 400<br>Washington, DC 20036<br>Telephone: (202) 783-0010<br>Email: lmcdermott@mooneygreen.com | *Attorneys for Defendant* |

*Attorneys for Plaintiffs*

Dated: April 1, 2024