**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDRE COOPER, *et. al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  C.A. No.  1:23-cv-00471-CFC |
| | ) |
| CITY OF WILMINGTON, DELAWARE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF LAUREN P. MCDERMOTT

I, Lauren P. McDermott, do hereby affirm, under penalty of perjury, that the following representations contained in this Declaration are true and correct to the best of my personal knowledge:

1. I am a partner with the law firm of Mooney, Green, Saindon, Murphy & Welch, P.C. ("Mooney Green"). I have been an attorney with Mooney Green since November 2011, and became a partner in 2018. I serve as lead Plaintiffs' Counsel (pro hac vice) in the above-referenced case, in conjunction with Delaware Counsel Claiborne Newlin of Markowitz & Richman. I submit this Declaration in support of the Parties' Joint Motion for Settlement Approval.

2. I have approximately 13 years of civil litigation experience. I am a 2011 graduate of Catholic University Columbus School of Law. I am a member in good standing of the bars of New Jersey (2011), New York (2012), and the District of Columbia (2012). I am also a member of the Second Circuit, Fourth Circuit, and D.C Circuit Courts of Appeals.

3. I lead Mooney Green's Fair Labor Standards Act ("FLSA") practice. Mooney Green serves as the General Counsel to the International Association of Fire Fighters ("IAFF").

1

As such, Mooney Green and its attorneys regularly represent fire fighters in wage and hour litigation.

4. I am serving as lead counsel, co-lead counsel, or co-counsel in numerous multi-plaintiff FLSA actions. *See e.g.*, *Sullivan et. al., v. Sarasota County*, 8:22-cv-0165-SPF (M.D. Fla.)(FLSA misclassification action on behalf of Battalion Chiefs); *Benitez et.al. v. City of Orlando*, 6:23-cv-01553-CEM (M.D. Fla.)(misclassification action on behalf of District Chiefs); *Bentley et. al. v. Cobb County*, 1:23-cv-01827-TWT (N.D. Ga.)(misclassification lawsuit on behalf of Battalion Chiefs); *Adinolfi et. al, v. City of Milford*, 3:23-cv-00766-KAD (D. Conn.) (FLSA action on behalf of fire fighters); *Keeley Abram et. al., v. City of Los Angeles*, 2:23-cv-095675-WLH-JPR (C.D. Ca.)(FLSA action on behalf of fire fighters); *Nicholas Acedo et. al., v. City of Los Angeles*, 2:23-cv-04482-SB-E (C.D. Ca.)(FLSA action on behalf of fire fighters).

5. Plaintiffs entered into a private fee arrangement to pay a contingent fee of 25% in this case. However, the Plaintiffs will pay a reduced contingent fee here given the statutory fees to be paid by Defendant pursuant to the Settlement Agreement. The contingency fee, after the expenses are reimbursed, will be equal to approximately 18% of the Settlement.

6. Pursuant to the Settlement Agreement, the City has agreed to pay $29,663.50 in attorneys' fees and costs to fully and finally resolve this case.

7. All of the time and expenses expended in this matter have been, in fact, necessarily and reasonably expended on behalf of Plaintiffs in this case. Plaintiffs Counsel has incurred over $452.00 in out-of-pocket expenses.

8. Mooney Green has a total of 21 attorneys and, for that reason, must carefully monitor the amount of time required by existing cases in determining whether to accept or pursue other matters. In addition, this case had the potential to continue to require substantial time and

effort, particularly if the Parties were to engage in written discovery, depositions, motions for summary judgment and trial. This was a factor considered by our firm in deciding what fee-generating cases and other matters it could, and could not, pursue during this time frame.

9. In my role as lead counsel, I engaged in correspondence with plaintiffs, opposing counsel and the court, developing case strategy, participating in and overseeing the initial exchange of documents, and negotiating a settlement to resolve this matter.

10. During the past eleven months of litigating this case as well as during prelitigation investigation, Plaintiffs' Counsel have not been paid for any of the work that they have performed. This uncompensated work has been substantial and includes, but is not limited to (1) interviewing Plaintiffs; (2) preparing and filing the Compliant; (3) reviewing documents produced; (4) preparing and exchanging settlement offers and counter-offers, in writing and verbally; (5) analyzing payroll and timekeeping data to prepare damages calculations; (6) engaging and overseeing communications to and with Plaintiffs about the status of the case and settlement discussions; and (7) preparing and drafting settlement papers including the settlement agreement and the motion and memorandum in support of settlement approval.

11. Plaintiffs submitted a settlement demand to Defendant. Over the subsequent weeks, the Parties exchanged numerous offers and counter-offers and participated in multiple conferences to discuss the Parties' offers and damages calculations.

12. After significant arm's-length negotiation, the Parties reached an agreement in principle on March 11, 2024. Thereafter, the Parties reduced the Settlement Agreement to writing. Under the Settlement Agreement, the City will pay a total of $459,695.36 to resolve the Plaintiffs' FLSA claims; this amount reflects $215,015.93 in backpay, $215,015.93 in liquidated damages, and $29,663.50 in reimbursed attorneys' fees and expenses.

13. At the time of settlement, the Parties had exchanged initial targeted documents to permit them to engage in meaningful settlement negotiations and to avoid unnecessary litigation expense. Specifically, Defendant produced Plaintiffs' payroll and timekeeping data, and Plaintiffs produced prepared and damages calculations.

14. There was no opportunity and no possibility for fraud or collusion, and the Parties agree that the Settlement Agreement was not the product of undue influence, duress, overreaching, collusion or intimidation.

15. Prior to reaching an agreement in principle, Plaintiffs' counsel spoke with a Plaintiffs, who approved of the terms of the Settlement Agreement.

16. Thereafter, Plaintiffs' Counsel sent each Plaintiff correspondence informing them of the terms of the Settlement Agreement and including a chart setting for each individual Plaintiffs' damages award. This correspondence also provided Plaintiffs with information about questions or submitting objections to the settlement. To date, no Plaintiff has contacted Plaintiffs' counsel to object to the settlement.

17. The Parties' negotiations were principled, with each side basing their offers and counter-offers on the evidence in the record, Plaintiffs' estimates of the backpay and damages owed on their claims under the FLSA, and the Parties' own assessments of their litigation risks.

18. The Settlement Amount will be distributed to Plaintiffs based on their actual damages as calculated by Plaintiffs' Counsel and an additional amount as liquidated damages, with the minimum total award being $517.94. Half of the monies will be allocated as backpay and half will be allocated as liquidated damages.

19. Based on the payroll and timekeeping data produced by Defendant, Plaintiffs' estimated potential maximum recovery, available only if Plaintiffs won full liquidated damages

and a three-year recovery period for a willful violation, and assuming Plaintiffs' damages estimates are accurate, is approximately $430,031.86. If Plaintiffs were to win on their FLSA claims but lose on liquidated damages and the three-year statute of limitations, the recovery would be significantly less.

20. Significantly, after the contingency fee is taken, the Parties' settlement represents 100% of the backpay owed to Plaintiffs over a three-year recovery period, plus an additional amount as liquidated damages equal to 64% of backpay.

21. In addition, the City has agreed to re-classify Battalion Chiefs as non-exempt effective July 25, 2023, which neither a jury nor the Court would have authority to award as part of the litigation.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: March 28, 2024

/s/ Lauren P. McDermott
Lauren P. McDermott